[No. 30054.   Department One.   October 24, 1946.]

*In the Matter of the Application of* MICHAEL L. MOONEY *for a Writ of Habeas Corpus.*

MICHAEL L. MOONEY, *Petitioner,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 173 P. (2d) 655.

*Michael L. Mooney, pro se.*

*The Attorney General* and *Edward J. Lehan, Assistant,* for respondent.

SCHWELLENBACH, J.—This is an original petition for a writ of *habeas corpus,* filed in this court by the petitioner, Michael L. Mooney. He claims that he is being deprived of his liberty without due process of law and in violation of his rights under the constitution of the state of Washington and the sixth and fourteenth amendments to the constitution of the United States.

While serving a sentence in the Washington state penitentiary, the petitioner herein was taken before the superior court for Pierce county on September 9, 1935, and charged with the crime of murder in the second degree. He pleaded guilty to the offense, and was sentenced to confinement in the penitentiary for the balance of his natural life. The judgment and sentence also provided ". . . which sentence will commence at the conclusion of the sentence he is now serving in the state penitentiary."

The petitioner makes three contentions before us: (1) that the judgment and sentence is *ex post facto* in its application as to him, because no minimum term was fixed by the sentencing court; (2) that the provision that the sentence was to "commence at the conclusion of the sentence he is now serving in the state penitentiary" for another crime, constitutes a second sentence; (3) that, if resentenced, he will be placed in double jeopardy, since he will be unable to receive credit for the time served subsequent to his sentence on September 9, 1935.

The judgment shows on its face that the crime with which the petitioner was charged, murder in the second

degree, was committed on the twenty-third day of March, 1935. Under the law in effect at that time (Rem. Rev. Stat., § 2393 [P.P.C. § 117-7]), the penalty therefor was punishment in the state penitentiary for not less than ten years; and, since no maximum sentence was fixed by statute, the court was authorized to impose any sentence up to and including life imprisonment as a maximum sentence. (Rem. Rev. Stat., § 2281.) The sentencing judge struck from the judgment the words "indeterminate" and "not less than," thus eliminating the minimum sentence entirely. This was apparently done in compliance with the terms of § 2, chapter 114, Laws of 1935, p. 309 (Rem. Rev. Stat. (Sup.), § 10249-2 [P.P.C. § 782-5]). Chapter 114 had been adopted by the legislature and approved by the governor prior to the imposition of the sentence, but it had not yet become effective. (Art. II, § 31, of the state constitution.)

Under the law existing at that time, the petitioner was entitled to receive a minimum sentence of not less than ten years; and, after serving the minimum term, he would be eligible to be considered for parole, whether such parole would be granted or not. This failure to give a minimum sentence was to the detriment and material disadvantage of the petitioner. *Kring v. Missouri*, 107 U. S. 221, 27 L. Ed. 506, 2 S. Ct. 443; *Lindsey v. Washington*, 301 U. S. 397, 81 L. Ed. 1182, 57 S. Ct. 797.

Considering petitioner's second contention, the recent case of *In re Grant v. Smith*, 24 Wn. (2d) 839, 167 P. (2d) 123, held that, where a person has been sentenced to serve consecutively two terms of imprisonment, he may not attack the second sentence before the first has been served. The record in this matter does not disclose the length of the term imposed by the board of prison terms and paroles under the first sentence given the petitioner, and we cannot presume that it was less than twenty years. That being the situation, the petitioner has not as yet served the first sentence imposed upon him, and is not now in a position to complain.

The petitioner's third contention, that he will be placed in double jeopardy if returned for resentencing, is

not a matter to be considered by this court in a *habeas corpus* proceeding. He may, if he desires, raise that question when he appears before the trial court for resentencing. As to the merits or demerits of his contention, we express no opinion at this time.

The petitioner should be returned to the superior court for Pierce county for resentencing, at which time a minimum term should be imposed. It is·so ordered.

MILLARD, C. J., ROBINSON, and JEFFERS, JJ., concur.

