[No. 30123. *En Banc.* January 3, 1947.]

*In the Matter of the Application for a Writ of Habeas Corpus of* DENNIS SIDNEY BASS, *Petitioner,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Dennis Sidney Bass, pro se.*

*The Attorney General* and *George H. Holt, Assistant,* for respondent.

JEFFERS, J.—On November 7, 1946, Dennis Sidney Bass filed in this court his petition for a writ of *habeas corpus.* Petitioner has attached to and by reference made a part

[1]Reported in 176 P. (2d) 355.

of his application the amended information, the minutes of the court calendar of January 13, 1944, and the judgment and sentence.

The amended information contains three counts. In the first count, petitioner is charged with the crime of forcible rape, alleged to have been committed on one Audrey Mildred Walker on or about November 4, 1943. In count No. 2, petitioner is charged with carnally knowing and abusing Audrey Mildred Walker, she being a female child under the age of eighteen years, not the wife of defendant. In count No. 3, petitioner is charged with the crime of second degree assault, alleged to have been committed upon Audrey Mildred Walker on or about November 4, 1943.

The minutes of the court calendar show that on January 13, 1944, the cause came before the court for change of plea. Defendant was present in court and with his attorney, B. E. McGregor. It appears that, on motion of the prosecuting attorney, counts Nos. 2 and 3 of the amended information were dismissed; that defendant was allowed to withdraw his former plea of not guilty and enter a plea of guilty to count No. 1 of the information, which plea was accepted and entered of record.

The judgment and sentence made and entered on January 13, 1944, recites:

"Now on this 13th day of January, 1944, comes the prosecuting attorney with the defendant and counsel, into court; and said defendant is duly informed by the court of the nature of the information found against him for the crime of rape committed on the 4th day of November, A. D. 1944, of his arraignment and plea of guilty of the offense charged in the information and the prosecuting attorney having moved for the dismissal of the charge of carnal knowledge of a female child and of second degree assault, charged in the amended information herein

"Whereupon the said defendant is here asked by the court if he has any legal cause to show why judgment should not be pronounced against him to which he replies that he has none that he has not already shown, and no sufficient cause being shown or appearing otherwise to the court, thereupon the court renders its judgment:

"That whereas the said defendant has been duly con-

victed in this court on the 13th day of January, A. D. 1944, of the crime of rape it is therefore Ordered, Adjudged and Decreed that the said defendant, Dennis Sidney Bass is guilty of the crime of rape and that he be punished by confinement at hard labor in the penitentiary of the state of Washington, for a period of not more than fifteen years, and to pay the costs of this prosecution as the same may be hereinafter taxed, the defendant Dennis Sidney Bass is hereby remanded to the custody of the sheriff of said county to be by him detained and delivered into the custody of the proper officers for transportation to the said penitentiary of the state of Washington, at Walla Walla, Washington, and

"It is Further Ordered, Adjudged and Decreed, that the charges of carnal knowledge of a female child and of second degree assault, contained in the amended information be and the same are hereby dismissed."

Upon the filing of the petition in this court, the chief justice made and entered a show cause order directed to the superintendent of the Washington state penitentiary, at Walla Walla, Washington. Tom Smith, superintendent of the penitentiary, has demurred to the application, on the ground that the petition does not state facts sufficient to constitute a cause of action or cause for the issuance of a writ of *habeas corpus.*

The matter is before us on the application, the order to show cause, and the demurrer.

Petitioner alleges the following grounds as the basis for his contention that the writ should issue: (1) that the plea of guilty upon which the judgment is based was obtained through coercion, threats, and promises of the prosecuting attorney for Benton county; (2) that the sentence under which the petitioner is held is illegal and void; (3) that the commitment under which the petitioner is held is illegal and void; (4) that the court was without jurisdiction to impose the particular sentence under which petitioner is held; (5) that the judgment of conviction was imposed for a crime which the files and records show was never committed; (6) that the judgment of conviction and sentence are in violation of the laws and constitution of the United States and the state of Washington.

■ The case of *In re Grieve*, 22 Wn. (2d) 902, 158 P. (2d) 73, has definitely established the rule in this state that alleged wrongful acts of a prosecuting attorney and other public officials furnish no basis for the issuance of a writ of *habeas corpus*.

Petitioner contends the sentence and commitment under which he is held is void, for the reason that the trial court was not authorized to sentence him for a period of not more than fifteen years. Rem. Rev. Stat., § 2435 [P.P.C. § 118-181], defines the crime of rape, to which petitioner entered a plea of guilty. The above section provides the penalty shall be imprisonment in the state penitentiary for not less than five years. This section provides no maximum penalty.

Petitioner further contends that the trial court was not authorized to impose a sentence of not more than fifteen years, and that it was the mandatory duty of the court to impose a sentence of not less than twenty years, under Rem. Rev. Stat. (Sup.), § 10249-2 [P.P.C. § 782-5], which provides that where a person is convicted of a felony, except treason, murder in the first degree, carnal knowledge of a child under ten years of age, or of being an habitual criminal, the court shall sentence such person to the penitentiary, or in a proper case to the reformatory, and shall fix the maximum term of such person's sentence only. The section continues:

"The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term; if the law does not provide a maximum term for the crime for which such person was convicted, the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment: *Provided, however, That in any case where such maximum term is fixed by the court the maximum term shall be fixed at not less than twenty (20) years.*" (Italics ours.)

It is petitioner's specific contention that the sentence is void for indefiniteness, and being void, the writ should issue.

■ It may be admitted that the trial court was not au-

thorized to sentence petitioner in this case on his plea of guilty to the crime charged under Rem. Rev. Stat., § 2435, to serve a period of not more than fifteen years in the penitentiary. However, it is well settled in this state, regardless of what the rule may be in other jurisdictions, that the writ of *habeas corpus* cannot be used to collaterally attack a judgment, even though such judgment be erroneous, unless it is absolutely void. *In re Grieve, supra.*

▪ A judgment may be erroneous because it imposes a penalty in excess of that provided by law and still not be void. In the case of *In re Mooney, ante* p. 243, 173 P. (2d) 655, the petitioner pleaded guilty to the crime of murder in the second degree, and was sentenced to confinement in the penitentiary for the balance of his natural life, upon the theory that Rem. Rev. Stat. (Sup.), § 10249-2, was in effect. We held that the law in effect at the time the crime was committed (Rem. Rev. Stat., § 2392 [P.P.C. § 117-5]) provided a penalty of imprisonment in the penitentiary for not less than ten years, and that petitioner was entitled to be sentenced in accordance with the provisions of that section and Rem. Rev. Stat., § 2281, and not in accordance with Rem. Rev. Stat. (Sup.), § 10249-2. The petitioner was ordered returned to the superior court for proper sentence.

It is apparent that in the cited case the court had no authority to impose the sentence it did, and yet it is apparent that we did not conclude the judgment was void, or we would have been compelled to grant the writ.

In *Voigt v. Mahoney,* 10 Wn. (2d) 157, 116 P. (2d) 300, we quoted from the case of *In re Voigt,* 130 Wash. 140, 226 Pac. 482, wherein the following statements found in Church on Habeas Corpus (2d ed.) 526, § 372, were referred to with approval:

"A judgment may be erroneous and not void, and it may be erroneous because it is void. It may be erroneous because it is excessive or deficient, or because of some error or irregularity of procedure occurring at or before trial; but a judgment or sentence can not be impeached on habeas corpus if it is merely erroneous, the court having

given a wrong judgment when it had jurisdiction of the person, place, and subject-matter."

We find the following statement in 12 R. C. L. 1208-1209, under the general heading "Habeas Corpus," § 27:

"With regard to the effect of excessive sentences as entitling the prisoner to relief on habeas corpus, the principle is well established by the great weight of authority that, where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but leaves only such portion of the sentence as may be in excess open to question and attack. In other words, the sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separate and may be dealt with without disturbing the valid portion of the sentence. Prior to the expiration of that part of the sentence that the court could legally impose, the prisoner will not, according to the prevailing rule, be discharged on habeas corpus, on the ground that the sentence is excessive. *So, if a court in pronouncing sentence does not follow the law but imposes a sentence less than that which it is by law directed to impose, the weight of authority is to the effect that such sentence, while not warranted by the law, is not absolutely void but simply erroneous and voidable and cannot be successfully attacked in a collateral way by means of the writ of habeas corpus.*" (Italics ours.)

The judgment and sentence here shows upon its face that the superior court for Benton county had jurisdiction of the crime with which petitioner was charged and of the person of petitioner, he being personally present in court when the judgment and sentence was pronounced. While the judgment was deficient, it was not absolutely unauthorized, or of an entirely different character from that authorized by law. The judgment was erroneous, in that it did not impose a sentence of not less than twenty years, as provided by Rem. Rev. Stat. (Sup.), § 10249-2, but it was not absolutely void.

For the reasons stated, petitioner is not entitled to the writ prayed for, but we are of the opinion that in cases of this kind the petitioner should be returned for resentenc-

ing to the superior court wherein the judgment and sentence was imposed.

It is therefore the order of this court that the demurrer to petitioner's application for a writ of *habeas corpus* be sustained, and the application dismissed. It is, however, further ordered that petitioner, Dennis Sidney Bass, be returned to the superior court for Benton county for the purpose of resentencing in accordance with Rem. Rev. Stat. (Sup.), § 10249-2.

MILLARD, C. J., ROBINSON, MALLERY, CONNELLY, and SCHWELLENBACH, JJ., concur.

STEINERT, J. (concurring in part and dissenting in part)— Although the judgment of the trial court is erroneous, it is not void.

As shown by the majority opinion, the trial court sentenced the petitioner to confinement in the penitentiary for a period of "not more than fifteen years," whereas the period of confinement should have been for "not less than twenty years." The error of the trial court is thus one wholly in favor of the petitioner, and he cannot complain of it.

In any event, I see no good reason for putting the state or the county to the needless expense of bringing the petitioner back from the penitentiary to the county where he was convicted, merely for the purpose of imposing on him a sentence greater than that which has already been given, where neither the state nor the county is complaining of the error, and the petitioner himself is the sole beneficiary thereof.

SIMPSON and ABEL, JJ., concur with STEINERT, J.