[No. 31799. Department One. June 28, 1951.]

*In the Matter of the Application for a Writ of Habeas Corpus of* NELS SIIPOLA, *Petitioner,* v. JOHN R. CRANOR, *as Warden of the State Penitentiary, Respondent.*[1]

*Nels Siipola, pro se.*

*The Attorney General* and *Jennings P. Felix, Assistant,* for respondent.

PER CURIAM—Petitioner has filed an application for a writ of *habeas corpus* alleging that he is being unlawfully detained of his liberty by the respondent, superintendent of the state penitentiary, under a void judgment and sentence. Respondent has interposed a demurrer to the application.

September 24, 1948, petitioner pleaded guilty to an information filed against him in Clallam county criminal cause No. 1602, charging him with the crime of grand larceny, as defined by Rem. Rev. Stat., § 2601 [P.P.C. § 117-47]. September 27, 1948, he was adjudged guilty of that crime and sentenced to the penitentiary at Walla Walla, "for a period not to exceed ten years."

We find merit in only one of petitioner's contentions, *i. e.,* that the trial court should have sentenced him to a maximum of not more than fifteen years, rather than a maximum of not more than ten years. But this error does

[1]Reported in 232 P. (2d) 920.

not, as petitioner contends, render the judgment void. Rem. Supp. 1947, § 10249-2, provides that the trial court shall impose the maximum sentence provided by law for the crime for which a defendant is convicted. The maximum penalty provided for grand larceny by Rem. Rev. Stat., § 2605 [P.P.C. § 117-55], is fifteen years' confinement in the state penitentiary. But, in *In re Bass v. Smith*, 26 Wn. (2d) 872, 176 P. (2d) 355, where a sentence less than the maximum sentence was imposed, disregarding Rem. Supp. 1947, § 10249-2, we held:

"While the judgment was deficient, it was not absolutely unauthorized, or of an entirely different character from that authorized by law. The judgment was erroneous, in that it did not impose a sentence of not less than twenty years, as provided by Rem. Rev. Stat. (Sup.), § 10249-2, but it was not absolutely void."

That case is determinative of petitioner's contention here; although the sentence was deficient, the judgment is not void.

It is therefore the order of this court that the demurrer to the petitioner's application for a writ of *habeas corpus* be sustained and the application dismissed. It is further ordered that petitioner, Nels Siipola, be returned to the superior court for Clallam county for the purpose of re-sentencing in accordance with Rem. Supp. 1947, § 10249-2.