[No. 32894.   Department Two.   September 10, 1954.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ROBERT H. PALMER, *Petitioner,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 273 P. (2d) 985.

*Robert H. Palmer, pro se.*

*The Attorney General* and *Cyrus A. Dimmick, Assistant,* for respondent.

WEAVER, J.—This is an original petition for a writ of *habeas corpus* filed by petitioner, Robert H. Palmer.

Paragraph IV of the petition alleges that:

"The petitioner in said proceeding was (1) denied due process of law in violation of his rights under the constitutions of the State of Washington and of the Unted [*sic*] States of America in that he was coerced in entering a plea of guilty thereto (2) when in fact he was innocent, and (3) when if not coerced he would never have entered a plea of guilty, (4) was convicted of a crime which he did not in fact commit, or (5) which had not in fact been comited [*sic*] by anyone, and (6) upon a perjured complaint and false information furnished to law enforcement officers of the State of Washington as set forth above." (Numbering by us.)

The office of the writ of *habeas corpus* is not to determine the guilt or innocence of the prisoner. Generally, its purpose is to ascertain whether petitioner is restrained of his liberty by due process of law. It is immaterial whether or not petitioner is guilty of the offense charged. *Thorne v. Callahan,* 39 Wn. (2d) 43, 48, 234 P. (2d) 517 (1951).

The judgment and sentence, which petitioner attacks, is valid and regular on its face. It is apparent that we

cannot consider those portions of paragraph IV of the petition, which we have numbered (2), (4), (5), and (6), for they allege matters which in themselves are beyond the scope of permissible inquiry in this proceeding.

Can we consider the allegations numbered (1) and (3) and the evidence supporting them?

Prior to 1947, Rem. Rev. Stat., § 1075, read as follows:

"Restriction upon inquiry. No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: —

"1. Upon any process issued on any final judgment of a court of competent jurisdiction; . . ."

■ This statute preserved the settled rule of the common law that a judgment by a court of competent jurisdiction, valid on its face, and a valid commitment thereunder, constitute an unanswerable return to a writ of *habeas corpus*. *Voigt v. Mahoney*, 10 Wn. (2d) 157, 116 P. (2d) 300 (1941); *In re Grieve*, 22 Wn. (2d) 902, 158 P. (2d) 73 (1945); *In re Lucas*, 26 Wn. (2d) 289, 173 P. (2d) 774 (1946).

■ A narrow exception was engrafted on this rule in *In re Sorenson v. Smith*, 34 Wn. (2d) 659, 209 P. (2d) 479 (1949). We held that, when it is impossible to ascertain from the judgment the precise charge on which the petitioner was sentenced, it is permissible for the court to examine the judgment in connection with the record in which it is entered. The court examined the information, not to review its sufficiency, but to ascertain the precise charge. The sufficiency of the information cannot be challenged by a writ of *habeas corpus*. *In re Moon v. Cranor*, 35 Wn. (2d) 230, 212 P. (2d) 775 (1949), and cases cited.

In 1947, the legislature amended Rem. Rev. Stat., § 1075 (1), quoted *supra*. The statute (RCW 7.36.130 (1)) now reads:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:

"(1) Upon any·process issued on any final judgment of a court of competent jurisdiction *except where it is alleged in the petition that rights guaranteed the petitioner by the Constitution of the state of Washington or of the United States have been violated.*"

We have italicized the exception added by the amendment.

The impact of this amendment upon the law of *habeas corpus* is illustrated by the recent *En Banc* decision in *In re Buckingham v. Cranor, ante* p. 116, 273 P. (2d) 494 (August 5, 1954). The petitioner was held under a judgment and sentence valid and regular on its face. However, from the pleaded facts, petitioner concluded that certain rights, guaranteed to him by the constitutions of the state of Washington and of the United States, had been violated. Although we denied the writ, we examined the pleaded facts and held that they did not constitute a violation of his constitutional rights. Thus, we inquired into the legality of the judgment, where the petition alleged that rights guaranteed by the constitution had been violated.

In this respect *only*, has the 1947 amendment broadened the scope of judicial inquiry in *habeas corpus*. It has added to the bare legal review, that seems to have been the limit of judicial authority under the common law and under our statute prior to 1947, a more searching investigation, limited to a consideration of alleged invasion of constitutional rights. It must be noted, however, that the mere allegation that such rights were invaded is not sufficient to start a judicial probe of the record. Petitioner must allege facts supporting his conclusion, for such facts are necessary if this court or a superior court is to perform its statutory duty under the 1947 amendment.

Therefore, we limit our consideration to petitioner's allegations that his constitutional rights were invaded, when he was coerced in entering a plea of guilty, which plea he would not have entered had there been no coercion.

To support the allegations of that portion of the petition we may consider, petitioner produced two documents: a letter and an affidavit, each executed by Albert N. Bradford,

the prosecuting attorney of Walla Walla county at the time of petitioner's sentence and now a judge of the superior court.

The letter, dated July 13, 1949 (petitioner was sentenced April 29, 1949), was addressed to the board of prison terms and paroles. It discusses, in some detail, factual matters dealing with those portions of paragraph IV of the petition which we cannot consider. However, the letter states:

"Palmer [petitioner] at all times professed his innocence to this charge and it was merely through threat of revoking his parole and sending him back to Monroe that we were able to induce him to enter a plea of guilty . . . and further that I am of the opinion that a certain amount of coercion was used to induce Palmer to enter a plea of guilty to this charge, . . ."

The affidavit, dated May 7, 1954, states in part:

"That the facts as outlined in said letter were then and are now, insofar as this affiant knows, true."

In addition, the affidavit discloses that the affiant took up the matter with the governor of the state and had two conferences with the board of prison terms and paroles. Affiant fulfilled his professional duty. See Canons of Professional Ethics 5, 34A Wn. (2d) 126.

In *In re Pennington v. Smith,* 35 Wn. (2d) 267, 270, 212 P. (2d) 811 (1949), this court said:

"A plea of guilty must be voluntary to sustain a conviction. There is no due process of law where a plea of guilty is involuntary because of coercion. *Waley v. Johnston,* 316 U. S. 101, 86 L. Ed. 1302, 62 S. Ct. 964.

"A plea of guilty is involuntary when made under such inducements as would cause an innocent person to confess guilt. 3 Wigmore on Evidence (3d ed.), § 824."

When the facts establish that a person has been convicted on an involuntary plea of guilty induced by coercion, the person has been deprived of his constitutional right to due process of law, as guaranteed by the fourteenth amendment of the constitution of the United States and article 1, § 3, of the Washington state constitution. Judgment and sentence entered in such proceedings are a nullity.

Except as encompassed in a general denial directed to the allegations of the petition, respondent produced nothing controverting the quoted portions of the letter of July 13, 1949, and the affidavit of May 7, 1954.

Were this the complete history of petitioner, we would have no hesitancy in referring the petition to the superior court of Walla Walla county for a hearing to determine all of the facts concerning the alleged coercion. See *In re Johnson v. Cranor,* 43 Wn. (2d) 200, 260 P. (2d) 873 (1953).

However, respondent presents the following:

September 29, 1947, petitioner pleaded guilty to the crime of unlawfully taking a motor vehicle and was sentenced to not more than ten years in the Washington state reformatory, at Monroe. August 22, 1949, he was transferred to the penitentiary at Walla Walla on this charge. The record before us discloses that he has been paroled three times; that each parole has been revoked by the board; that he has escaped from the penitentiary twice and has been returned each time. The picture is made darker by the various reports of the district parole and probation officer which appear in the record.

We consider none of this, however, except the judgment and sentence of not more than ten years in the penitentiary, entered September 29, 1947, for it is from this that respondent argues

". . . that as long as petitioner is incarcerated at Walla Walla under a lawful judgment and sentence [referring to the judgment and sentence of September 29, 1947] he may not attack a subsequent judgment and sentence until the expiration of the first judgment and sentence."

In support of his argument, respondent cites *In re Grant v. Smith,* 24 Wn. (2d) 839, 167 P. (2d) 123 (1946), and *In re Mooney,* 26 Wn. (2d) 243, 173 P. (2d) 655 (1946). See, also, *In re Miller,* 129 Wash. 538, 225 Pac. 429 (1924).

In *In re Grant v. Smith, supra,* the petitioner sought to have a judgment declared null and void, under which he was sentenced to two separate terms of twenty years' maximum. It appears from the opinion that there was only one

judgment. The sentences were to run consecutively. Petitioner contended that the judgment was void because it did not designate the end of the first and the beginning of the second term and was, therefore, void. It does not appear which sentence was to commence first.

This court held that the judgment was not uncertain and indefinite. That was the only decision needed to affirm the trial court's denial of the writ. However, the court said:

"There is *another reason* for affirming the decision of the trial court. That reason is that, where a person has been sentenced to serve consecutively two terms of imprisonment, he may not attack the second sentence before the first has been served." (Italics ours.)

It is apparent that the additional reason given for denial of the writ was not necessary for a decision of the case.

Reference is made in *In re Mooney, supra,* to the quoted portion of the *Grant* case, *supra.* However, it was not given effect. While serving a sentence in the penitentiary, petioner pleaded guilty and was sentenced upon another charge. He attacked the second judgment and sentence by *habeas corpus,* claiming that he had been deprived of constitutional rights. He was returned to the superior court for resentencing under the *second* judgment of conviction.

Both of these cases, as well as *In re Miller, supra,* were decided prior to the 1947 amendment.

The logic of respondent's argument is unassailable if the *sole* purpose of a writ of *habeas corpus* is to seek release from confinement. No matter what the rule is elsewhere, the fact remains that we have on numerous occasions denied release of petitioner under the writ, and in addition, either (1) set aside the judgment and sentence and directed that petitioner again be rearraigned (*In re Varner v. Cranor,* 42 Wn. (2d) 860, 259 P. (2d) 417 (1953), and cases cited) or (2) remanded petitioner to the superior court for resentencing. *In re Towne,* 14 Wn. (2d) 633, 129 P. (2d) 230 (1942); *In re Horner,* 19 Wn. (2d) 51, 141 P. (2d) 151 (1943); *In re Bass v. Smith,* 26 Wn. (2d) 872, 176 P. (2d) 355 (1947); *In re Sorenson v. Smith,* 34 Wn. (2d) 659, 209 P. (2d) 479 (1949);

*In re Siipola v. Cranor,* 38 Wn. (2d) 848, 232 P. (2d) 920 (1951).

In *In re DeLano v. Cranor,* 44 Wn. (2d) 63, 265 P. (2d) 263 (1954), petitioner was in custody under *two* judgments and sentences. He attacked the second judgment and sentence by a petition for a writ of *habeas corpus.* This court said:

"Petitioner is not entitled to be discharged from the custody of respondent, *but he is entitled* to have his minimum term [upon the second judgment and sentence] fixed by the Board to commence as of October 5, 1936, and to terminate at such time as it may deem proper." (Italics ours.)

The rule for which respondent contends, based upon the *obiter dictum* of the *Grant* case, *supra,* cannot be controlling under the facts of this case and our existing statutes. It should not be so applied as to destroy constitutional safeguards.

Not only does the 1947 amendment enjoin us to consider alleged invasion of constitutional rights, but RCW 7.36.140 provides:

"In the consideration of any petition for a writ of *habeas corpus* by the supreme court, whether in an original proceeding or upon an appeal, if any federal question shall be presented by the pleadings, it shall be the duty of the supreme court to determine in its opinion whether or not the petitioner has been denied a right guaranteed by the Constitution of the United States." (Rem. Supp. 1947, § 1085-2.)

■ Those portions of the petition for a writ of *habeas corpus* which we can consider, and the supporting documents, raise a question of fact—was petitioner's plea of guilty the result of coercion? To hold that a court of competent jurisdiction cannot examine this question until the expiration of his first sentence, would not only vitiate the statutes, but it would deny petitioner procedural due process to require him to wait until the expiration of the first sentence. Witnesses move away; evidence disappears; memories grow dim.

It is not necessary for us to decide now whether the same

rule applies if the petition raises only a question of law. See *In re DeLano v. Cranor, supra.*

The inexpediency of determining, in this court, questions of fact, such as are presented here, is apparent. This is adequate reason for us to refer this petition for a writ of *habeas corpus* to a department of the superior court of Walla Walla county (other than the department thereof presided over by Hon. A. N. Bradford, judge), for a hearing to determine the facts relative to coercion and for disposition thereof according to law.

It is so ordered.

GRADY, C. J., SCHWELLENBACH, HILL, and HAMLEY, JJ., concur.