**Robert J. SHEEHAN, Appellant,**

v.

**Lawrence L. DELMORE, Jr., Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.**

**No. 14622.**

United States Court of Appeals
Ninth Circuit.

Sept. 1, 1955.

———◆———

Robert J. Sheehan, Walla Walla, Wash., for appellant in pro. per.

Don Eastvold, Atty. Gen., Cyrus A. Dimmick, Asst. Atty. Gen., State of Washington, for appellee.

Before HEALY and POPE, Circuit Judges, and LINDBERG, District Judge.

PER CURIAM.

This appeal is from an order denying appellant's application for a writ of habeas corpus. The court below found that the State of Washington had denied him no right guaranteed by the Constitution of the United States.

Appellant was convicted of robbery on April 29, 1952, after he had waived his right to counsel and pleaded guilty. He was sentenced to not less than five years nor more than twenty years imprisonment. The portion of the sentence relating to a minimum term was contrary to Washington law. On December 10, 1952 appellant was resentenced as required by statute to a maximum term of twenty years with no minimum term specified.

The contention on appeal is that appellant was denied due process at the time of his resentencing when the court refused to permit him to withdraw his plea of guilty and allegedly deprived him of his right to counsel by denying his motion for a forty-eight hour postponement for the purpose of obtaining counsel.

 It is clear that under Washington law appellant's original sentence was merely erroneous and not void as he contends. In re Siipola v. Cranor, 38 Wash. 2d 848, 232 P.2d 920. Consequently the motion to withdraw the plea of guilty was untimely since it was made after judgment.[1] Furthermore the withdrawal of a guilty plea is a discretionary function of the trial judge in Washington. State v. Hensley, 20 Wash.2d 95, 101, 145 P.2d 1014; State v. McDowall, 197 Wash. 323, 329, 85 P.2d 660. State courts must determine when that discretion is abused. Manifestly the denial in this case was not so arbitrary as to be a denial of due process.

Since the court had no option but to enter the statutory sentence, it is clear that denial of counsel at the resentencing was not so fundamentally opposed to American ideas of justice as to constitute a denial of due process. Furthermore the evidence fails to establish that appellant was denied counsel.

The order is affirmed.

[1] "At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted." Rem.Rev.Stat. of Wash. § 2111.