[No. 40321. Department One. April 3, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. JEAN BENNIE MALONE, *Appellant*.*

*Reported in 452 P.2d 963.

*James S. Hogan,* for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire* and *Donald R. Shaw,* for respondent.

PER CURIAM.—On April 2, 1968, appellant was convicted by a jury on each of three counts of unlawfully selling narcotics in Yakima County, Washington. He appeals.

The sole assignment of error is directed to the pretrial denial of appellant's motion for a change of venue from Yakima County. Briefly, the background facts giving rise to appellant's request for a change of venue can be stated in the following manner:

During the late months of 1967 a deputy sheriff for Yakima County was assigned as an undercover agent to investigate alleged traffic in narcotic drugs in the city of Toppenish, Yakima County. During the course of his investigation he made three purchases of marijuana from appellant, two of which were consummated at appellant's residence. Based upon these purchases a warrant of arrest for appellant and a search warrant authorizing a search of his residence were obtained on December 30, 1967.

Prior to executing the warrants, the sheriff's department of Yakima County invited representatives of the news media to accompany and observe the officers during the course of their arrest and search activities. Only members of the news staffs of the two local television stations serving the Yakima County area accepted the invitation. During the course of appellant's arrest and the search of his residence, which took place in the early morning hours of December 31, 1967, news pictures were taken of the proceedings. Some of the pictures were, in turn, telecast on the evening and late evening news programs of January

2, 1968, the day appellant was first arraigned before the court.

On January 3, 1968, counsel for appellant filed the motion for change of venue, asserting that the telecasts so prejudiced appellant that he could not receive a fair trial in Yakima County. This motion was denied by order of the trial court on January 26, 1968, and, following appellant's plea of not guilty to an amended information, trial was set for and held on April 2, 1968.

■ A motion for a change of venue in a criminal case is directed to the sound discretion of the trial court, and its decision with respect thereto will not be disturbed on appeal, absent a convincing showing of an abuse of discretion. *State v. Hawkins,* 70 Wn.2d 697, 425 P.2d 390 (1967).

Appellant points to nothing that transpired during or following the telecasts, or during the voir dire examination of the prospective jurors at the trial 4 months after the telecasts—and the statement of facts reflects nothing—which would indicate that appellant was in anywise prejudiced by the unfortunate telecasts. We can, therefore, find no abuse of discretion in the trial court's action in denying appellant's motion.

■ In so holding, we desire that it be clearly understood that we do not condone the course of action followed by the sheriff's department of Yakima County in cavalierly inviting cameramen from the television news media to attend upon the execution of an arrest and search assignment. Such a practice renders no vital service to the public or to law enforcement. And, inhering in such a procedure is the very real risk that innocent persons may be wronged and guilty persons released from punishment by virtue of the potential prejudice the practice could beget.

On the other hand, while we understand the journalistic interest which prompted the ready acceptance of the television news representatives of the invitation from the sheriff's department, we would pause to point out that prudent and nonprejudicial pretrial gathering and dissemination of news in criminal proceedings is one of the aims sought to

be achieved under the guidelines compiled by the Bench-Bar-Press Committee of this state. While we cannot say, because we did not see them, that the actual news releases in the instant case were inflammatory or imprudent, it is our view that thoughtful restraint should be exercised in acting upon such unfortunate invitations as were extended in the present case. In this vein, it is our understanding that the press representatives receiving a like invitation, rejected it, for which they are to be commended.

The judgment is affirmed.