842

In the Matter of the Application for a Writ of Habeas Corpus of BENJAMIN MIMS, Petitioner, v. B. J. RHAY, as Superintendent of the State Penitentiary, Respondent.

Benjamin Mims, pro se.

Slade Gorton, Attorney General, and Lee D. Rickabaugh, Assistant, for respondent.

MUNSON, J.—Petitioner, Benjamin Mims, a convicted felon on parole, was convicted of third-degree assault in a King County Justice Court on August 23, 1968. As a result of this conviction, his parole was revoked. Petitioner now seeks by habeas corpus to challenge the validity of his conviction of said third-degree assault alleging a witness rendered perjured testimony therein. We find no merit in petitioner's position.

The purpose of the writ of habeas corpus is not to determine the guilt or innocence of the petitioner; but rather to ascertain whether he is restrained of his liberty by due process of law. *Johnson v. Zerbst*, 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357 (1937).[1] In fact, it is immaterial whether or not petitioner is guilty of the offense charged. *Palmer v. Cranor*, 45 Wn.2d 278, 273 P.2d 985 (1954); *Thorne v. Callahan*, 39 Wn.2d 43, 234 P.2d 517 (1951).

The judgment which petitioner attacks is valid and regu-

[1] *Cf.* 5 Wharton, Criminal Law & Procedure, § 2226 at 458 (1957).

lar on its face. Consequently, petitioner's allegation of perjury is beyond the scope of permissible inquiry in this proceeding. *Palmer v. Cranor, supra.* See also *Springstein v. Sanders,* 182 Iowa 658, 164 N.W. 622 (1918), 1918F L.R.A. 1076 (1918); *Bleakley v. Barclay,* 75 Kan. 462, 89 P. 906 (1907).

Petition is denied.

EVANS, C. J., and GREEN, J., concur.