[No. 110-3.    Division Three.    June 10, 1970.]

*In the Matter of the Application for a Writ of Habeas Corpus of* WILLIAM THOMAS, *Appellant,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*

*William Thomas,* pro se.

*Slade Gorton, Attorney General,* and *Paul J. Murphy, Assistant,* for respondent.

PER CURIAM.—Petitioner was charged by amended information with the sale of narcotics in two counts, on November 3, 1967 and December 11, 1967, respectively. Both sales

were apparently made to police officers. Counsel was appointed to represent the appellant and a plea of not guilty was entered. Following trial, a jury convicted the appellant on both counts. Accordingly, judgment and sentence were entered April 19, 1968. Thereupon, appellant appealed to the Supreme Court from a denial of a motion for a change of venue and the admission of certain expert testimony. The conviction was affirmed. *State v. Thomas,* 75 Wn.2d 882, 454 P.2d 202 (1969).

On October 28, 1969, appellant filed a petition for writ of habeas corpus alleging for the first time that counsel who represented him was incompetent and the trial judge wrongfully refused to appoint other counsel to represent him. Appellant also asserts an illegal search and seizure occurred. The trial court after reviewing the petition found the petition failed to state a prima facie case for relief and thereupon entered an order denying the prayer of the petition. This appeal followed.

■ In *Pettit v. Rhay,* 62 Wn.2d 515, 518, 383 P.2d 889 (1963), our Supreme Court said:

> "A writ of *habeas corpus* is available only for the purpose of inquiring into the legality of the petitioner's restraint, and to determine whether his constitutional right to due process of law has been violated. [Citing cases.]

Mistakes or errors of judgment on the part of counsel and his client do not establish the violation of the constitutional rights. *State v. Silvers,* 70 Wn.2d 430, 433, 423 P.2d 539 (1967). *Cf. State v. Keller,* 65 Wn.2d 907, 400 P.2d 370 (1965). The mere failure to call certain witnesses who appellant now claims would have established an alibi constitutes an exercise of trial judgment on the part of counsel and presents no constitutional issue. It is noted trial counsel also represented appellant on appeal from the original judgment and sentence. *State v. Thomas, supra.*

Next, appellant contends that an illegal search and seizure was conducted by arresting officers who had a search warrant covering premises other than premises searched—

appellant's residence. However, the petition fails to document any evidence recovered in the claimed illegal search that contributed to appellant's conviction on the charge of unlawful sale of narcotics. Since there is no showing of any connection between the search and the conviction, an application for habeas corpus does not lie. *Palmer v. Cranor,* 45 Wn.2d 278, 273 P.2d 985 (1954).

The trial court was correct in dismissing appellant's petition. Appellant's motion for appointment of counsel in this appeal is denied. The order denying petition for writ of habeas corpus is affirmed.