414

[No. 6509–1. Division One. October 8, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. WALLY
GLEN BISHOP, *Appellant*.

*Alan Corner,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt* and *Michael T. DiJulio, Deputies,* for respondent.

JAMES, J.—Defendant Wally Glen Bishop pleaded guilty to a charge of unlawful possession of a firearm, a felony under RCW 9.41.040, which provides that violations thereof are punishable by "imprisonment in the state penitentiary for not less than one year *nor more than* ten years." (Italics ours.) RCW 9.95.010 provides in part that a sentencing judge shall fix *only* the "maximum term" of a sentence and

that "[t]he maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term." The trial judge concluded that he had no discretion and sentenced Bishop to a maximum term of 10 years. On appeal, Bishop assigns error to the trial judge's refusal to exercise discretion. He seeks a remand directing the trial judge to consider the imposition of a lesser maximum term. We affirm.

 If RCW 9.41.040 were read in isolation and without reference to the historical development of Washington's criminal code, Bishop's contention that the statute is ambiguous and can be construed to empower a trial judge to fix a maximum term of less than 10 years might be more persuasive. But such a reading disregards the purpose of Washington's indeterminate sentence policy. That policy is that the duration of actual imprisonment is best determined by the Board of Prison Terms and Paroles, with maximum terms fixed by the legislature. The exercise of judicial discretion in imposing the maximum sentence is authorized only when the legislature has failed to fix a maximum term. RCW 9.95.010.

In *Lindsey v. Washington,* 301 U.S. 397, 81 L. Ed. 1182, 57 S. Ct. 797 (1937), the petitioners had been convicted of grand larceny. The then applicable statute provided for "imprisonment in the state penitentiary for *not more than* fifteen years." (Italics ours.) Rem. Rev. Stat. § 2605. The United States Supreme Court held that "[t]he sentences of not more than fifteen years imposed on petitioners were the maximum provided by law, and were made mandatory by [the predecessor of RCW 9.95.010]." *Lindsey v. Washington, supra* at 399.

Under the same former grand larceny statute, the defendant in *Siipola v. Cranor,* 38 Wn.2d 848, 232 P.2d 920 (1951) was sentenced to a maximum term of not more than 10 years. Our Supreme Court held that the sentence was in error and that the defendant should have been sentenced to a maximum term of 15 years.

416

The trial judge properly determined that he had no discretion.

Affirmed.

ANDERSEN and RINGOLD, JJ., concur.

Reconsideration denied November 6, 1979.

Review granted by Supreme Court February 15, 1980.