[No. 46733.   En Banc.   July 31, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. WALLY GLEN BISHOP, *Petitioner.*

*Alan Corner,* for petitioner.

*Norm Maleng, Prosecuting Attorney, Michael T. Di Julio, Assistant Chief Deputy,* and *J. Robin Hunt, Deputy,* for respondent.

BRACHTENBACH, J.—Defendant pleaded guilty to a charge of unlawful possession of a firearm, a felony under RCW 9.41.040.[1] At sentencing, he contended that the trial court had the discretion to set a sentence between 1 and 10 years pursuant to RCW 9.41.040.

---

[1]RCW 9.41.040 states:

"No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony and punished by imprisonment in the state penitentiary for not less than one year nor more than ten years."

After a lengthy sentencing hearing, the trial court concluded that it had no discretion and sentenced defendant to a maximum of 10 years. Defendant appealed to the Court of Appeals. It affirmed. *State v. Bishop,* 24 Wn. App. 414, 601 P.2d 962 (1979). We affirm.

We adopt the analysis and opinion of the Court of Appeals.

■ We add for emphasis that RCW 9.95.010 explicitly applies and specifically provides that "[t]he maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term." Here the applicable statute does provide for a maximum term.

Additionally in *Siipola v. Cranor,* 38 Wn.2d 848, 232 P.2d 920 (1951), relied upon by the Court of Appeals, it was made clear that when a statute provides a penalty of "not more than 15 years," the court *must* sentence to that maximum. If defendant's analysis were correct, that statute should have been interpreted as granting authority to sentence up to 15 years. It was not so interpreted.

It is significant that after *Siipola,* the legislature amended the statute under which defendant was convicted by adding the second sentence providing for a term of not less than 1 year nor more than 10 years. Laws of 1961, ch. 124, § 3. While the not less than 1 year provision creates some ambiguity, in the face of the plain language of RCW 9.95.010 and our prior holding in *Siipola,* we can only conclude that the legislature intended that a defendant under RCW 9.41.040 must be sentenced to the maximum provided by that statute.

■■ Even if alternative interpretations were possible, we should adopt that one which best advances the overall legislative purpose. *Anderson v. Morris,* 87 Wn.2d 706, 716, 558 P.2d 155 (1976). As noted by the Court of Appeals, the policy of the legislature is that actual time of imprisonment is best determined by the Board of Prison Terms and Paroles. It is unlikely that the language of RCW 9.41.040 was intended to effect a single instance of a drastic change

in the overall sentencing scheme by such indirect language, particularly in view of *Siipola v. Cranor, supra.*

The trial court and the Court of Appeals are affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.