[No. 37173. Department Two. May 14, 1964.]

*In the Matter of the Application for a Writ of Habeas Corpus of* RICHARD A. PITTS, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.**

*Reported in 392 P. (2d) 234.

*Richard A. Pitts*, pro se.

*The Attorney General* and *Lloyd W. Peterson, Assistant*, for respondent.

WEAVER, J.—Petitioner seeks his release from the penitentiary by writ of habeas corpus. Because of the nature of his contentions, it is necessary to recite petitioner's difficulties with the law.

January 13, 1947, petitioner pleaded guilty in cause No. 4717 in Clark County to the crime of "Taking a Motor Vehicle Without the Permission of the Owner." Judgment and sentence was deferred (RCW 9.95.210), and petitioner placed on probation.

The order provided that

" . . . after a period of two years, provided defendant has abided by the terms and conditions hereof, he may apply to this court for permission to change his plea to a plea of not guilty, and have this matter dismissed."

For apparent reasons, petitioner made no application to have cause No. 4717 dismissed.

June 26, 1947, petitioner was convicted of sodomy in cause No. 4745 in Clark County. He was sentenced to a maximum term of 20 years. August, 1951, petitioner was paroled. He alleges that he "received a final discharge from parole in 1954 . . . . " The record before us does not disclose that his parole has been revoked.

February, 1955, petitioner was arrested for being drunk in public. He was sentenced to 1 year in jail with 10 months suspended. While incarcerated, his probation in cause No. 4717 (the motor vehicle charge) was revoked, and he was sentenced to 20 years on April 20, 1955.

Petitioner escaped from the penitentiary May 27, 1957; he was apprehended March 2, 1963.

It is fundamental that if petitioner is detained by reason of a valid judgment and sentence, his petition for writ of habeas corpus must be denied. Petitioner alleges that he

has been denied due process of law and equal protection of the law contrary to the fourteenth amendment of the United States Constitution and Art. 1, § 3 of the State Constitution.

*First:* Petitioner urges that judgment and sentence and warrant of commitment in cause No. 4717 (motor vehicle charge) are unconstitutional and *void* for the reason that the 20-year sentence prescribed by the court exceeds the statutory term prescribed by statute.

■ The state admits, and previous decisions of this court establish, that the sentence of 20 years for taking a motor vehicle without permission of the owner is erroneous; the maximum sentence should have been 10 years. RCW 9.92.010; *In re Klapproth v. Squier*, 50 Wn. (2d) 675, 314 P. (2d) 430 (1957); *In re Walder v. Belnap*, 51 Wn. (2d) 99, 316 P. (2d) 119 (1957); *In re Pope v. Rhay*, 53 Wn. (2d) 831, 335 P. (2d) 805 (1959).

■ The term of the sentence is erroneous, but the judgment is not void. *In re Siipola v. Cranor*, 38 Wn. (2d) 848, 232 P. (2d) 920 (1951). It is only voidable. In *In re Palmer v. Cranor*, 45 Wn. (2d) 278, 284, 273 P. (2d) 985 (1954), the court said:

"The logic of respondent's argument is unassailable if the *sole* purpose of a writ of *habeas corpus* is to seek release from confinement. No matter what the rule is elsewhere, the fact remains that we have on numerous occasions denied release of petitioner under the writ, and in addition, either (1) set aside the judgment and sentence and directed that petitioner again be rearraigned [citing authority] or (2) remanded petitioner to the superior court for re-sentencing. [citing authorities]"

Knowing that we have, in habeas corpus proceeding, denied the writ and remanded the petitioner to the superior court for resentencing (*In re Palmer v. Cranor, supra*), petitioner contends (a) that the court did not have the power to defer sentencing him on the motor vehicle charge once he pleaded guilty; (b) that the 10-year sentence commenced to run in 1947 when he pleaded guilty; and (c) that to remand him to the superior court for imposition of the correct sentence would place him in double jeopardy.

■ We find no merit in these arguments. Petitioner

was not sentenced in 1947. The superior court did not, however, lose its power to render judgment and sentence later. *State v. Powell,* 153 Wash. 110, 279 Pac. 573 (1929) cert. den. 280 U. S. 608, 74 L. Ed. 651, 50 S. Ct. 158 (1930). See also *State v. Davis,* 56 Wn. (2d) 729, 355 P. (2d) 344 (1960). Not having been imposed until 1955, the sentence did not commence to run in 1947.

In a habeas corpus proceeding, RCW 7.36.140 requires us to determine in our opinion " . . . whether or not the petitioner *has been denied* a right guaranteed by the Constitution of the United States." (Italics ours.) RCW 7.36.130 empowers us to determine whether " . . . rights guaranteed the petitioner by the Constitution of the state of Washington or of the United States *have been violated."* (Italics ours). Petitioner's double jeopardy argument is not based on facts before this court. As to the merits or demerits of his contention, we express no opinion at this time; to do so would be advisory only. (*In re Mooney,* 26 Wn. (2d) 243, 173 P. (2d) 655 (1946), was decided prior to the adoption of RCW 7.36.140).

*Second:* Petitioner's application for a writ of habeas corpus is based upon the alleged illegality of judgment and sentence in cause No. 4717 (motor vehicle charge). From this he argues that he has been deprived of due process of law because

(a) "Cause 4717 [motor vehicle charge] . . . was made of no further force or effect upon conviction and sentence in Cause No. 4745 [sodomy charge] . . ." and

(b) "That petitioner's sentence in Cause No. 4717 [motor vehicle charge] made Cause No. 4745 [sodomy charge] of no further force or effect."

This is a novel theory—that one conviction and sentence cancels another so that, under the facts of the instant case, petitioner would be entitled to release from incarceration.

We find no support for this argument. When petitioner was sentenced April 20, 1955, on the motor vehicle charge, he was at liberty on parole from the 1947 sodomy conviction. Whether he had " . . . received a final discharge

from parole in 1954 [on the sodomy charge] . . .," as petitioner alleges, is immaterial.

The penalty prescribed by statute for the offense of taking a motor vehicle without the permission of the owner commenced to run April 20, 1955. *In re St. Peter v. Rhay*, 56 Wn. (2d) 297, 352 P. (2d) 806 (1960). The statutory period has not yet expired. We need not consider the effect, if any, of petitioner's escape from the penitentiary for 5 years, 9 months and 4 days.

■ Petitioner is in custody by reason of a valid judgment and sentence on the motor vehicle charge. Insofar as it applies to the release of petitioner, the writ of habeas corpus is denied.

In accordance, however, with *In re Klapproth v. Squier*, 50 Wn. (2d) 675, 314 P. (2d) 430 (1957), and subsequent decisions of this court to the same effect, respondent is directed to produce petitioner in the Superior Court of Clark County. That court is directed to impose a corrected sentence in cause No. 4717 as provided by law.

It is so ordered.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.