[No. 23993-7-I.   Division One.   September 10, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. HARVEY
VINGE, *Petitioner.*

*Eric J. Nielsen* of *Washington Appellate Defender
Association,* for petitioner.

*David S. McEachran, Prosecuting Attorney,* and *Greg Greenan, Deputy,* for respondent.

SWANSON, J.—Harvey Vinge seeks review of a superior court order affirming a district court revocation of his deferred prosecution. Vinge contends that the District Court lacked jurisdiction to revoke his deferred prosecution more than 2 years after entry of the order granting a deferred prosecution.

The underlying facts are undisputed. On September 5, 1985, petitioner Vinge was arrested on a charge of driving while under the influence of alcohol. On April 23, 1986, a Whatcom County District Court entered an order deferring the prosecution against Vinge. Among other things, the order provided that the pending charge would be dismissed "[u]pon proof of *successful completion*" of a 2–year alcohol treatment program and compliance with the additional conditions.

On June 8, 1988, approximately 2 years 1½ months after entry of the order deferring prosecution, the Whatcom County probation department filed a motion to revoke the deferred prosecution, alleging that Vinge had failed to present proof of successful completion of the treatment program. On September 26, 1988, the District Court found that Vinge had not successfully completed the 2–year treatment program and entered an order revoking the deferred prosecution.

Vinge appealed the District Court's order to superior court, contending that the District Court lacked jurisdiction to revoke the deferred prosecution more than 2 years after entry of the order deferring prosecution. The Superior Court rejected this contention, concluding that pursuant to RCW 10.05.120, the District Court had the necessary jurisdiction to revoke the defendant's deferred prosecution more than 2 years after the entry of the order.

Deferred prosecutions in courts of limited jurisdiction are governed by RCW 10.05. Pursuant to RCW 10.05.010, a person charged with a misdemeanor or gross misdemeanor

may petition the court to be considered for a deferred prosecution program. As part of the petition, the defendant

> shall allege under oath . . . that the wrongful conduct charged is the result of or caused by alcoholism, drug addiction, or mental problems for which the person is in need of treatment and unless treated the probability of future reoccurrence is great . . ..

RCW 10.05.020(1). RCW 10.05.020 also specifies the advisement of rights necessary prior to entry of a deferred prosecution order.

The petition for deferred prosecution must include a case history and written assessment, prepared by an approved alcohol, drug, or mental health treatment facility. RCW 10.05.020(1). RCW 10.05.030 permits the arraigning judge to continue arraignment and refer the petitioner for a diagnostic evaluation at an approved treatment facility. The treatment facility then provides the court with a written report and treatment plan. RCW 10.05.050. The treatment facility agrees to provide the court

> with a statement every three months for the first year and every six months for the second year regarding (a) the petitioner's cooperation with the treatment plan proposed and (b) the petitioner's progress or failure in treatment.

RCW 10.05.050(5). The trial court then examines the treatment plan and either approves or rejects the deferred prosecution petition. See RCW 10.05.060.

A deferred prosecution treatment program for alcoholism must be for a 2–year period and satisfy numerous other requirements. RCW 10.05.150. The court, as part of a deferred prosecution order, may impose additional conditions, including supervision. RCW 10.05.170, .140. If the defendant, following entry of a deferred prosecution, fails to carry out any term or condition, the treatment facility reports the breach to the court, which then conducts a hearing to determine "whether the petitioner should be removed from the deferred prosecution program." RCW 10.05.090.

RCW 10.05.120, at issue in the instant appeal, provides in pertinent part: "Upon proof of successful completion of

the two–year treatment program, the court shall dismiss the charges pending against the petitioner." In the instant case, the District Court determined that petitioner had failed to prove successful completion of the treatment program and revoked his deferred prosecution.

In arguing that the district court's jurisdiction over deferred prosecutions is limited to 2 years, Vinge relies on RCW 3.66.067 and .068, which restrict the district court's *postconviction* authority to defer imposition of a sentence and place a defendant on probation. RCW 3.66.067 provides in pertinent part:

> *After a conviction,* the court may defer sentencing the defendant and place the defendant on probation and prescribe the conditions thereof, but in no case shall it extend for more than two years from the date of conviction.

(Italics ours.) RCW 3.66.068 provides:

> For a period not to exceed two years *after imposition of sentence,* the court has continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms, including installment payment of fines.

(Italics ours.) Because a deferred prosecution is a sentencing alternative similar to postconviction probation, Vinge reasons, the 2–year limitations of RCW 3.66.067 and .068 should apply to RCW 10.05. This argument is not persuasive for several reasons.

As Vinge notes, our Supreme Court has observed that

> [t]he mere label "deferred prosecution" obscures the characteristics of the process provided for in RCW 10.05, which is fundamentally a new sentencing alternative of preconviction probation, to be added to the traditional choices of imprisonment, fine, and postconviction probation.

*State ex rel. Schillberg v. Cascade Dist. Court,* 94 Wn.2d 772, 779, 621 P.2d 115 (1980). *Cascade,* however, involved the question whether the deferred prosecution statute "precludes the court from ordering an investigation and evaluation for a deferred prosecution in the absence of the prosecuting attorney's concurrence." *Cascade,* at 775. The context of the court's characterization of the deferred

prosecution process is an analysis of whether the decision to refer the defendant for an evaluation is essentially a judicial or prosecutorial function. *Cascade* therefore provides no authority for applying the postconviction jurisdictional limits to preconviction deferred prosecution.

Moreover, even if there are similarities between a deferred prosecution and probation, there are substantial differences as well. A deferred prosecution treatment program, unlike a deferred sentence or probation, occurs prior to an adjudication of guilt. This is in itself a fundamental distinction between a deferred prosecution and probation. *Cf. State v. Wright,* 54 Wn. App. 638, 640 n.1, 774 P.2d 1265 (1989) (trial court cannot impose jail sentence as condition of deferred prosecution); *see also State v. Marino,* 100 Wn.2d 719, 724, 674 P.2d 171 (1984).

It is true, as petitioner notes, that a deferred prosecution is not available to a defendant who "sincerely believes that he is innocent of the charges[,]" RCW 10.05.020(2), and that a defendant accepted for a deferred prosecution stipulates to having guilt determined on the basis of the police reports and waives the right to raise additional defenses should a charge be prosecuted following revocation. *See State v. Shattuck,* 55 Wn. App. 131, 133, 776 P.2d 1001 (1989). Even where a deferred prosecution is revoked, however, an adjudication of guilt is not automatic.

Because of the fundamental difference between a preconviction deferred prosecution and postconviction probation, the jurisdictional limits on probation and deferred sentencing cannot simply be transferred to RCW 10.05.

In addition, we find no need to analogize deferred prosecution to probation and apply RCW 3.66.067 and .068, since RCW 10.05.120 clearly contemplates district court jurisdiction over a deferred prosecution extending beyond 2 years. The jurisdiction of courts of limited jurisdiction must clearly appear from the statute. *State v. Uhthoff,* 45 Wn. App. 261, 266, 724 P.2d 1103, *review denied,* 107 Wn.2d 1017 (1986). Because deferred prosecution is a statutory creation, the district court's authority with respect to

deferred prosecution must be measured by statutory law. *State v. Wright, supra* at 640.

RCW 10.05.120 expressly provides that the district court shall dismiss the pending charges "*upon proof* of successful *completion* of the two–year treatment program . . .". (Italics ours.) Thus, dismissal of the pending charge is not automatic, and the statute contemplates jurisdiction continuing until an affirmative act occurs, *i.e.,* presentation of proof of the successful completion of treatment. The district court must of necessity retain authority to render its determination for a period that extends past the 2–year period of the treatment itself. *Cf. Foundation for the Handicapped v. Department of Social & Health Servs.,* 97 Wn.2d 691, 698–99, 648 P.2d 884 (1982), *cert. denied,* 459 U.S. 1146 (1983).

Petitioner asserts that RCW 10.05.120 "merely directs the district court to dismiss the prosecution upon successful completion of the deferred prosecution program." This characterization is incomplete, however, since it ignores the question of how the court is to evaluate the proof of successful completion. It is inconceivable that the Legislature would condition dismissal of the charge on proof of successful treatment, yet deny the district court authority to make the critical determination.

Under petitioner's interpretation, a district court would never have jurisdiction following completion of a 2–year treatment program to revoke a deferred prosecution, unless the treatment program had begun prior to entry of the order deferring prosecution. A motion to revoke a deferred prosecution would therefore generally have to be made prior to completion of a treatment program. Petitioner has offered no basis in logic or reason for such a strained interpretation of RCW 10.05; nor has petitioner suggested how such an interpretation would be consistent with the underlying design of the deferred prosecution program, which

is to provide a streamlined procedure by which those with substance abuse problems will be encouraged to seek treatment

and rehabilitation in lieu of criminal prosecution. The incentive that encourages successful completion of treatment is the possibility that failure will mean the deferred prosecution order will be revoked and the person will be convicted.

*State v. Shattuck, supra* at 135. Petitioner's interpretation of RCW 10.05.120 would lead to a strained result and is possible only by means of the inappropriate reliance on the 2–year limitation period contained in the statutes restricting postconviction jurisdiction. *Cf. State v. Neal,* 54 Wn. App. 760, 775 P.2d 996 (1989) (jurisdiction to impose sanctions for violation of community supervision continues past expiration of community supervision period).

For purposes of this decision, we need not determine what the outer limits of the district court's jurisdiction over a deferred prosecution might be. The petition to revoke Vinge's deferred prosecution was filed 2 years 1½ months after entry of the order deferring prosecution. There is no contention that there was unreasonable delay involved in the filing of the petition to revoke the deferred prosecution. *Cf. State v. Alberts,* 51 Wn. App. 450, 754 P.2d 128, *review denied,* 111 Wn.2d 1006 (1988).

In the alternative, Vinge argues that RCW 10.05.120 is ambiguous and that therefore the rule of lenity should apply. The rule of lenity is inapplicable when used to reach a result clearly contrary to legislative intent. *State v. Kenney,* 52 Wn. App. 193, 194, 758 P.2d 989 (1988). Vinge's contention here, if accepted, would lead to a result clearly contrary to legislative intent.

Judgment affirmed.

SCHOLFIELD and WINSOR, JJ., concur.

Review denied at 116 Wn.2d 1006 (1991).