[No. 29831-3-I.   Division One.   April 11, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBIN DENISE PARSLEY, *Appellant*.

*Helen Anderson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ann M. Foerschler, Deputy,* for respondent.

AGID, J. — In this pre-Sentencing Reform Act of 1981 case, Robin Parsley appeals the order revoking her deferred sentence for first degree theft and imposing a suspended sentence with an additional term of probation. She contends that this sentence "stacking", which resulted in 13 years' probation for an offense which carries a maximum penalty of 10 years in prison, violates the statutory limit on the length of probation which may be imposed as a condition of deferred and suspended sentences. We agree. Accordingly, we reverse and remand.

I

On June 24, 1981, Parsley pleaded guilty to first degree theft, an offense which carries a maximum term of 10 years of incarceration. RCW 9A.56.030; RCW 9A.20.020. On August 5, 1981, the court deferred imposing a sentence for 5 years pursuant to RCW 9.95.200 on the condition that, among other things, Parsley be on probation for 5 years and pay $7,334 in restitution. This amount was to be paid in full by the end of the probation period, but probation could be extended if necessary.

Because Parsley failed to make restitution payments and falsified monthly reports to her corrections officer, several probation revocation hearings were held. On June 12, 1986, probation was extended to August 5, 1987, and on June 12, 1987, it was again extended to August 5, 1991, the 10th anniversary of Parsley's original sentencing date.

On August 19, 1991, the State noted another probation violation hearing. On November 27, 1991, the trial court revoked the deferred sentence and imposed a suspended sentence on the condition that Parsley be on probation for 3 more years to make her remaining restitution payments. As of that date, Parsley had paid approximately $4,400 in restitution. She appeals, arguing that the trial court did not have authority to extend probation beyond the 10-year maximum sentence for first degree theft.

## II

Parsley originally received a deferred sentence pursuant to RCW 9.95.200 *et seq.*, which permit the court to suspend imposition of a sentence[1] subject to certain conditions such as probation. During the course of her deferred sentence, the court continued Parsley on probation for 10 years. On appeal, she contends that former RCW 9.95.210 limits probation to the maximum term of punishment for the underlying offense and that the trial court was therefore without authority to extend probation an additional 3 years beyond the 10-year maximum for first degree theft.

The relevant portion of former RCW 9.95.210 provides:

> The court in granting probation, *may suspend the imposing or the execution of the sentence* and may direct that such suspension may continue for such period of time, *not exceeding the maximum term of sentence*, except as hereinafter set forth and upon such terms and conditions as it shall determine.

(Italics ours.)

---

[1]What is commonly called a "deferred sentence" is described in the statute as suspension of the imposition of a sentence. RCW 9.95.200. The colloquial term "suspended sentence" means suspension of the *execution* of a sentence that has already been imposed. RCW 9.92.060.

■■ When statutory language is plain and unambiguous, its meaning is derived from its wording. *State v. Bilal*, 54 Wn. App. 778, 782, 776 P.2d 153, *review denied*, 113 Wn.2d 1020 (1989). Here, former RCW 9.95.210 unambiguously provides that, when a trial court grants probation, it may choose to delay imposition (*i.e.*, defer) or execution (*i.e.*, suspend) of the sentence for a period of time that cannot exceed the maximum term for the crime. We therefore hold that, whether probation is ordered as a condition of a deferred sentence, a suspended sentence, or a combination of both, the total amount of probation time which may be imposed is limited to the maximum term for the underlying offense. When a trial court revokes a deferred sentence, it may impose a term of probation as part of a subsequent suspended sentence only up to the remainder of the maximum term established for the crime.

In this case, the total amount of probation that could be imposed was limited to the statutory 10-year maximum term for first degree theft. Parsley's sentence was deferred and she remained on probation for the full 10 years. All of the "available" probation time was used during that deferral period, and there was none left to impose as a condition of a subsequent suspended sentence. The trial court therefore erred when it imposed an additional 3 years' probation as a condition of the suspended sentence imposed on November 27, 1991.

*Pitts v. Rhay*, 64 Wn.2d 481, 392 P.2d 234 (1964), a case cited by the State, is not to the contrary. Pitts' deferred sentence was revoked 8 years into his 10-year term of probation. The court imposed the maximum 10 years of incarceration, thus placing Pitts under state supervision for a total of 18 years for an offense carrying a maximum 10-year sentence. *Pitts* does not conflict with our reading of former RCW 9.95.210 because that statute limits total *probation*, not the combination of probation and incarceration.

Nor does *State v. Alberts*, 51 Wn. App. 450, 754 P.2d 128, *review denied*, 111 Wn.2d 1006 (1988) mandate a contrary result. In that case, the court revoked Alberts' deferred sentence 1 year and 13 days after it had imposed 1 year of

probation for an offense that carried a maximum 1-year term and imposed additional probation to allow for continued restitution payments. On appeal, Alberts challenged only the trial court's jurisdiction to revoke his deferred sentence. He argued that, because the original year of probation had expired before the revocation hearing, the court lacked jurisdiction to take any further action. This court disagreed, and held that the trial court retains jurisdiction to revoke probation until it enters an order terminating probation. We therefore affirmed the suspended sentence with its additional term of probation. *Alberts*, 51 Wn. App. at 454. While we acknowledged that RCW 9.95.210 might establish an upper limit on the trial court's jurisdiction, we expressly declined to decide the issue on the facts of that case. *Alberts*, 51 Wn. App. at 455. Parsley does not challenge the trial court's authority to revoke her deferred sentence after the 10-year probation period ended. Thus, *Alberts* is not material to the issues raised in this case.

Our holding is consistent with relevant public policy. Monitoring probationers to collect restitution for the benefit of victims is certainly a salutary policy, but the State must also consider how best to allocate the scarce resources available for supervising defendants who have been convicted of crimes. At some point, the law of diminishing returns dictates that a limit be put on the State's collection efforts. Ordinarily, after 10 years, the money spent on these efforts outweighs the benefit. The Legislature recognized this cost-benefit analysis when it enacted the Sentencing Reform Act of 1981 and limited the court's jurisdiction for the purpose of collecting restitution to 10 years after imposition of sentence. RCW 9.94A.140(1), .142(2). Although the State ceases at some point to attempt to collect money on behalf of victims, they are still entitled to the restitution ordered and have civil remedies available, such as seeking judgment for outstanding restitution or garnishing the defendant's wages. RCW 9.94A.140(4). In this case, the State has monitored Parsley's probation for 10 years to collect approximately $4,400. It is difficult to justify using additional state

resources to supervise her for 3 more years to try to recoup $2,900.

## III

Parsley also contends that RCW 9.94A.140 limits the court's jurisdiction to supervise payment of restitution to 10 years.[2] That statute provides that if restitution is ordered "the offender shall remain under the court's jurisdiction for a maximum term of ten years subsequent to the *imposition* of sentence." (Italics ours.) RCW 9.94A.140(1).

█ By its plain language, RCW 9.94A.140 begins the court's 10-year period of jurisdiction at the time it *imposes* sentence. A deferred sentence, by definition, suspends imposition of sentence; thus, the jurisdictional limit on collecting restitution does not start to run until the time a sentence is actually imposed. RCW 9.95.200; *see also Pitts*, 64 Wn.2d at 484; *State v. Farmer*, 39 Wn.2d 675, 679-80, 237 P.2d 734 (1951). In this case, Parsley's sentence was imposed in November 1991 when the trial court revoked her deferred sentence. Under RCW 9.94A.140, the trial court could potentially retain jurisdiction until 2001 to monitor restitution payments. However, as discussed above, Parsley served probation for 10 years under a deferred sentence and former RCW 9.95.210 prohibits additional probation under a suspended sentence.[3] Because Parsley can no longer be continued on probation, restitution cannot be ordered as a

---

[2]Although RCW 9.94A.140 was enacted as part of the Sentencing Reform Act of 1981, the parties agree that it applies to this case because it was not one of the sections for which the effective date was delayed pursuant to RCW 9.94A.905. It therefore went into effect in 1981.

[3]The State correctly points out that this may lead to anomalous results. Under *Pitts v. Rhay, supra*, the trial court may revoke a deferred sentence and impose a term of imprisonment under RCW 9.95.230, as limited by the constitutional concerns raised in *Bearden v. Georgia*, 461 U.S. 660, 661, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983). But it cannot avail itself of the more lenient alternative of a suspended sentence conditioned on additional probation if there is no more probationary time left after revocation. However, we cannot ignore the plain language of former RCW 9.95.210 limiting the term of probation under *both* deferred and suspended sentences to the maximum term for the crime in order to reach a more logical and lenient result.

condition of an additional term of probation under a suspended sentence.

Reversed and remanded to the trial court for a hearing pursuant to *State v. Bower*, 64 Wn. App. 227, 823 P.2d 1171, *review denied*, 119 Wn.2d 1011 (1992), on the State's motion to revoke the deferred sentence.

PEKELIS, A.C.J., and GROSSE, J., concur.