[No. 33608-8-I.   Division One.   July 31, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON R. BERNARD, *Appellant*.

*Nielsen & Acosta*, for appellant.

*David Stuart McEachran* and *Laura D. Hayes*, for respondent.

Cox, J. — Jason R. Bernard stopped for a customs inspection at the Blaine border crossing with three pounds of ephedrine, a chemical used to manufacture metham-

phetamine, hidden in his car. He had purchased the ephedrine in Canada and intended to deliver it to his partner in Washington for ultimate sale in Oregon. Customs agents searched Bernard's car and seized the ephedrine. The Whatcom County prosecutor charged Bernard with the unlawful *receipt* of a precursor drug, contrary to RCW 69.43.070(2). At a bench trial, the court found Bernard guilty as charged. Bernard appeals. Because we conclude that *possession* of a precursor chemical is not equivalent to *receipt* of such a chemical, we reverse.

## I

### RECEIPT OF EPHEDRINE

The key issue before us is whether the trial court erred by concluding on the basis of the stipulated facts before it that Bernard "received" the ephedrine found in his possession in Whatcom County. Bernard argues that the trial court's conclusion was erroneous for three reasons. First, Bernard "possessed" the ephedrine in Washington but did not "receive" it here; the word "receives" in RCW 69.43.070(2) does not include "possession". Second, the statute is ambiguous if the word "receives" is interpreted to mean "possesses"; under the rule of lenity we must construe the statute in his favor. Third, by enacting RCW 69.43, the Legislature intended to regulate people who supply or receive precursor drugs in Washington, not those who "possess" them without having "received" them here.

RCW 69.43.070(2) provides that

> [a]ny person who receives any substance listed in RCW 69.43.010 with intent to use the substance unlawfully to manufacture a controlled substance under chapter 69.50 RCW is guilty of a class B felony under chapter 9A.20 RCW.

Ephedrine is listed under RCW 69.43.010(1)(f) as a precursor substance.

The purpose of statutory construction is to give content and force to the language used by the Legislature.

*State v. Wilson*, 125 Wn.2d 212, 216, 883 P.2d 320 (1994). When we interpret a statute, "the spirit and intent of the statute should prevail over the literal letter of the law". *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991). But we must give a criminal statute a literal and strict interpretation. *Wilson*, 125 Wn.2d at 216-17. Plain language does not require construction, *Wilson*, 125 Wn.2d at 217, and we may give a nontechnical term its dictionary meaning. *State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990).

*Black's Law Dictionary* (6th ed. 1990) at 1268 defines "receive" as follows:

> To take into possession and control; accept custody of; collect.

> *To "receive" stolen property, means acquisition of control in sense of physical dominion or apparent legal power to dispose of property and envisages possession or control as an essential element.*

(Italics ours.) In the context of the crime of receiving stolen property, *Black's* notes that possession is an element of receiving. Thus, receipt of stolen property requires more than mere possession of it.

The same reasoning applies to the use of the word receipt in the context of this case. Bernard purchased the ephedrine from someone in Canada. When Bernard completed that transaction, his act of receiving the ephedrine ended. When customs officials seized the hidden ephedrine from him at the border, he was obviously in possession of the chemical. However, he no longer was receiving it. Bernard therefore did not violate RCW 69.43.070(2).

The Legislature has expressly prohibited certain types of possession in other statutes. For example, RCW 69.50.401(a) provides that with some exceptions, "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance". RCW 69.50.401(b) makes it a crime for a

person "to . . . possess a counterfeit substance". RCW 9.68A.070 states that "[a] person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a class C felony". The plain language of RCW 69.43.070(2) does not similarly proscribe the possession of precursor chemicals. Had the Legislature intended possession of ephedrine (or the other substances listed in RCW 69.43.010(1)) to be a crime, it could have done so. We therefore are constrained to conclude that the Legislature did not intend possession of this chemical to be a crime.

## II

### RULE OF LENITY

■ ■ If a statute is ambiguous, a court must adopt an interpretation most favorable to the criminal defendant under the rule of lenity. *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991). A statute is ambiguous if it is susceptible to more than one meaning or reasonable inter-pretation. *Washington Fed'n of State Employees v. State Personnel Bd.*, 54 Wn. App. 305, 309, 773 P.2d 421 (1989). Here, the word "receives" cannot reasonably be inter-preted as meaning "possesses". The statute is not ambigu-ous. The rule of lenity therefore does not apply.

## III

### LEGISLATIVE INTENT

■ Bernard has included in his brief a copy of the House Bill Report on HB 1377 (RCW 69.43) and a transcript of testimony about HB 1377 by the Executive Secretary of the Washington State Board of Pharmacy. He contends those documents show that by enacting RCW 69.43, the Legislature intended to slow the manufacture of controlled substances by regulating people who supply precursor chemicals, but it did not intend to criminalize mere pos-session of a precursor chemical. Because those documents are not part of the appellate record, however, and we have

already resolved the main issue before us, we will not consider this argument. *See State v. Dunaway*, 109 Wn.2d 207, 220-21, 743 P.2d 1237, *corrected,* 749 P.2d 160 (1987) (matters referred to in appellate briefs but not included in the record cannot be considered on appeal).

We reverse the judgment and sentence.

KENNEDY, A.C.J., and BECKER, J., concur.