Honorable John Knodell Prosecuting Attorney Grant County P.O. Box 37 Ephrata, WA 98823
Dear Mr. Knodell:
By letter previously acknowledged, you have requested our opinion on the following paraphrased question:
 Does a deferred or suspended sentence imposed by a judge in district court enable a defendant to have the subject sentence removed from the criminal history "record" upon successful completion of the terms and conditions of the sentence and concomitant dismissal by the sentencing court?
For the reasons more fully described below, we answer your question in the negative.
 BACKGROUND
Your question involves the inclusion of a misdemeanor or gross misdemeanor conviction on a subject's criminal record under two possible sentencing practices of the district court. By way of background, you explain that on some occasions, principally those involving first time offenders, the district court can either defer imposing sentence on a defendant, or suspend the execution of a sentence, after a defendant pleads guilty and the parties recommend such an action to the court. The deferral of sentencing or the suspension of the sentence is conditioned upon the requirement that the defendant comply with terms or conditions imposed by the court. If the defendant complies with those terms, then after a stated period, under at least some circumstances, the defendant may move for withdrawal of his or her guilty plea and the court may dismiss the original charges.
 DISCUSSION
Your question applies only to convictions for misdemeanors and gross misdemeanors. The Legislature abolished the power of the courts to defer imposition or execution of sentence as to felonies when it adopted the Sentencing Reform Act of 1981. RCW 9.94A.130.[1]
Authority for deferring sentencing is found in a statute codified in the chapter governing jurisdiction and venue of district courts. It provides:
 After a conviction, the court may defer sentencing the defendant and place the defen dant on probation and prescribe the conditions thereof, but in no case shall it extend for more than two years from the date of conviction. During the time of the deferral, the court may, for good cause shown, permit a defendant to withdraw the plea of guilty and to enter a plea of not guilty, and the court may dismiss the charges.
RCW 3.66.067. The next section authorizes the court to impose a suspended sentence, rather than defer the imposition of sentence. RCW 3.66.068.[2]
These two statutes describe significantly different procedures. The court of appeals has explained the difference:
 What is commonly called a "deferred sentence" is described in the statute as suspension of the imposition of a sentence. [citation omitted] The colloquial term "suspended sentence" means suspension of the execution of a sentence that has already been imposed. (Citation omitted.)
State v. Parsley, 73 Wn. App. 666, 668 n. 1 870 P.2d 1030 (1994) (emphasis by the court).[3]
Therefore, the district court may defer to a future date the actual hearing at which sentence is imposed, imposing conditions as to the defendant's conduct in the meantime. RCW 3.66.067. Alternatively, the court may impose a sentence, and suspend its actual execution conditioned upon the defendant meeting certain terms imposed by the court. RCW 3.66.068. This is the difference between the two procedures described by each statute. Parsley,73 Wn. App. at 669. Another authority explains in similar fashion the distinction between a deferred sentence and a suspended sentence. 13 Royce A. Ferguson, Jr., Washington Practice, §§ 4317, 4318 (1984).[4]
That difference is very important, because the statutory authorization for withdrawal of the plea and dismissal of charges after successfully completing the conditions imposed by the court only applies to the deferred imposition of sentence under RCW3.66.067. During the period of the defer ral and before an actual sentence is imposed, the court may allow the defendant to withdraw his or her plea, upon good cause shown, and dismiss the charges. RCW 3.66.067. However, RCW 3.66.068, which authorizes a court to impose a sentence and then suspend its execution,[5] contains no similar authorization to withdraw the guilty plea and dismiss the charges if the defendant meets the terms of the suspension.
Unless the plea is withdrawn for other reasons or under other authority, the defendant does not have the opportunity to withdraw the plea and seek dismissal if the sentence has actually been imposed and suspended. RCW 3.66.068. Therefore, there can be no question of whether the conviction is automatically removed from the defendant's record, because the charges are not dismissed.[6]
We next consider the inclusion in the criminal record of a proceeding in which the court defers imposition of the sentence under RCW 3.66.067, and later dismisses the charges after with drawal of the guilty plea. We note that nothing in RCW 3.66.067
states or implies that the conviction will be deleted or expunged from a criminal history record after the charges are dismissed. Indeed, another statutory scheme specifically provides that such information shall be preserved in the record.
Whenever a court or other criminal justice agency reaches a disposition of a criminal case, it must report that information to both the agency initiating the criminal history for that charge and to the Washington State Patrol. RCW 10.97.045. "Disposition" is defined sufficiently broadly to include the entry of the guilty plea or conviction that precedes the deferral of imposition of sentence. RCW 10.97.030(7). Additionally, the same statute defines the term "conviction or other disposition adverse to the subject" to specifically include "a dismissal entered after a period of probation, sus pension, or deferral of sentence[.]" RCW10.97.030(4). The term "conviction record" is defined as meaning, "information relating to an incident which has led to a conviction or other disposition adverse to the subject." RCW 10.97.030(3).[7]
It is therefore clear that the criminal record includes information as to a case in which sentencing is deferred, even if the charges are eventually dismissed after the defendant successfully complies with the court's terms and conditions.
We see no conflict between these statutes. RCW 10.97.045, interpreted in light of the definitions contained in RCW10.97.030, expressly includes such cases within the scope of criminal history records. This is true even when a dismissal follows a period of probation, suspension, or deferral. RCW10.97.030(4). Nothing in RCW 3.66.067 promises deletion of the case from those records as a consequence of dismissal.
You inquired not merely as to whether a dismissal would automatically result in deleting the conviction from the subject's record, but also as to whether the defendant may seek to have it removed. We, therefore, consider the possibility that the defendant might seek the removal by affirmative request. Again, we reach a negative conclusion.
By statute, criminal history record information consisting of "nonconviction data" can be deleted upon request of the person who is the subject of the record. RCW 10.97.060. This ability to delete information, however, is limited to the information authorized by that statute. State v. Gilkinson, 57 Wn. App. 861,865, 790 P.2d 1247 (1990). The statute only authorizes the deletion of "nonconviction data." RCW 10.97.060.[8]
"Nonconviction data" is defined as "all criminal history record information relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending." RCW10.97.030(2). As we have already noted, the phrase "conviction or other disposition adverse to the subject" is defined to include "a dismissal entered after a period of probation, suspension, or deferral of sentence[.]" RCW 10.97.030(4). The category of cases under discussion is therefore expressly excluded from the definition of "nonconviction data." Id.
A record of a dismissal following a deferred imposition of sentence pursuant to RCW 3.66.067 is not "nonconviction data" and therefore cannot be deleted from the subject's criminal record pursuant to RCW 10.97.060. The same would be true of a suspended sentence under RCW 3.66.068 in which the defendant successfully meets the court's terms and therefore does not serve the suspended sentence. RCW 10.97.030(4).[9]
We hope that this analysis will be of assistance.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JEFFREY T. EVEN Assistant Attorney General
[1] The Legislature abolished that power only as it applied to felonies committed after June 30, 1984, except for the special sexual offender sentencing alternative. Id.
[2] Similar statutes also appear in the chapter governing municipal courts. RCW 3.50.320; 3.50.330. We therefore presume, without deciding, that the same analysis offered in the text with regard to district courts would also apply to municipal courts, under the terms of these similar statutes.
[3] Parsley involved a conviction imposed under the law that applied prior to the effective date of the Sentencing Reform Act of 1981. It therefore interpreted statutes that applied to felonies, which are no longer effective. RCW 9.94A.230. The statutory language it cites, however, is similar to the current language of RCW 3.66.067
and 3.66.068.
[4] Both the deferred imposition of sentence, pursuant to RCW3.66.067, and the deferred execution of sentence, pursuant to RCW3.66.068, should be distinguished from a third procedure, that of deferred prosecution (governed by RCW 10.05). Both a deferred imposition of sentence and a deferred execution of sentence are postconviction procedures, while a deferred prosecution takes place before a defendant is convicted. State v. Vinge, 59 Wn. App. 134,137, 795 P.2d 1199 (1990). A defendant must first either plead guilty or be found guilty before the court can order either a deferred sentence or a suspended sentence. RCW 3.66.067;3.66.068.
[5] The statutory phrase is, "after imposition of sentence" the court may "suspend the execution of all or any part of its sentence upon stated terms[.]" RCW 3.66.068 (emphasis added).
[6] We do not, in this opinion, explore the question of whether there may be other grounds upon which a defendant might seek a withdrawal of a plea under these conditions, or under which the court might subsequently dismiss the charges.
[7] We base our conclusion regarding the scope of the term "disposition" not only on the terms of the cited definition, but also upon the Legislature's decision to include such actions in the definition of the phrase, "conviction or other disposition adverse to the subject." RCW 10.97.030(4). The inclusion of such proceedings within the definition of information that must be included in a criminal history record strongly implies that it falls within the scope of disposition information that must be reported pursuant to RCW 10.97.045.
[8] The statute specifies additional limitations on deletion of nonconviction data, which are not germane to your question. Id.
[9] We note with some irony the terms of RCW 9.94A.230, a provision of the Sentencing Reform Act of 1981, which might lead to a significantly different result as to felony convictions. That statute provides in part, "Every offender who has been discharged under RCW 9.94A.220 may apply to the sentencing court for a vacation of the offender's record of conviction." RCW 9.94A.230(1). Under that statute, the superior court can remove reference to the conviction in the offender's criminal history, if certain conditions are met, at least for purposes of sentencing on any future convictions. RCW 9.94A.230(3). The statute also allows the subject to answer in the negative any future question on an employment application as to whether he or she has been convicted of that crime. Id.
That procedure for vacating the record, however, only applies to defendants who have been discharged pursuant to RCW 9.94A.220. That statute refers only to the discharge of defendants who have been convicted of felonies and sentenced pursuant to the Sentencing Reform Act of 1981. RCW 9.94A.220. It is possible that the legislature may, in the future, wish to consider the differ ences between the procedures applicable to felonies and those applicable to misdemeanors and discussed in the text.