[No. 18737-3-III.   Division Three.   December 26, 2000.]

THE STATE OF WASHINGTON, *Petitioner*, v. ROBERT GALLAHER, *Respondent*.

*Rick Weber, Prosecuting Attorney*, and *Aaron G. Walls, Deputy*, for petitioner.

*Robert Gallaher*, pro se.

KATO, J. — Robert Gallaher was convicted of permitting an animal to run at large. The court deferred sentencing and later dismissed the conviction. Claiming this was error, the State appeals. We affirm.

On November 4, 1997, Mr. Gallaher was cited for violating RCW 16.24.090, permitting an animal to run at large. After bench trial, the court found him guilty. On February 10, 1998, the court deferred sentencing and imposed conditions of probation.

On February 11, 1999, the court determined Mr. Gallaher had complied with the conditions and ordered the case dismissed. On March 8, the State appealed the dismissal. Finding the appeal was untimely, the superior court affirmed. It also found the district court had discretion to dismiss the conviction in any event. Discretionary review was granted.

The State contends the court erred by dismissing the criminal charges against Mr. Gallaher.[1] Even though Mr. Gallaher had complied with the conditions of the deferred sentence, the State nonetheless claims the court could not dismiss the conviction because Mr. Gallaher did not plead guilty but rather was found guilty after trial.

█ █ RCW 3.66.067 gives the court the authority to defer sentencing after a defendant has been convicted of a

---

[1] The superior court's ruling that the State's appeal was untimely was erroneous. A party has 30 days to file an appeal from an order of a court of limited jurisdiction. RALJ 2.5(a). The district court deferred Mr. Gallaher's sentencing for one year. When the court elects to defer sentencing, the criminal prosecution has not ended and will not end until either the subsequent pronouncement of sentence or until the court grants an order of dismissal. *See In re Personal Restraint of Myers*, 20 Wn. App. 200, 203, 579 P.2d 1006 (1978). The court's February 10, 1999 order was the end of this prosecution and the State's March 8, 1999 notice of appeal was timely.

misdemeanor. *City of Bellevue v. Hard*, 84 Wn. App. 453, 457, 928 P.2d 452 (1996). At any time during the deferral, the court may, for good cause, permit a defendant to withdraw the plea of guilty and to enter a plea of not guilty and dismiss the charges. RCW 3.66.067.

Contrary to the State's argument, this statute is not applicable to guilty pleas only. By its terms, the statute applies "after conviction." Convictions include adjudications of guilt upon guilty pleas and findings of guilty after trial. *See, e.g.*, RCW 10.01.060; RCW 9.94A.030(10) (SRA definition of "conviction"). RCW 3.66.067 further permits a court to allow a defendant to change a guilty plea to not guilty and to subsequently dismiss the charge. The statute does not specifically address findings of guilty after trial. But the "after conviction" language creates an ambiguity in the statute, which must be interpreted most favorably to the defendant under the rule of lenity. *Hard*, 84 Wn. App. at 458. We therefore conclude RCW 3.66.067 permits the court to withdraw a finding of guilty after trial and to dismiss the conviction. The district court did not err by doing that here.

■ The State incorrectly asserts that a dismissal would result in the charge and conviction not being part of Mr. Gallaher's record. Nothing in RCW 3.66.067 implies that a conviction is automatically deleted or expunged from the criminal record after dismissal. 1997 Op. Att'y Gen. No. 1 at 3; *see also State v. Noel*, 101 Wn. App. 623, 627, 5 P.3d 747 (2000).

Affirmed.

SWEENEY and SCHULTHEIS, JJ., concur.