**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jerome Keith VASSAR, Defendant—
Appellant.**

**No. 01–30235.
D.C. No. CR–01–00052–R.**

United States Court of Appeals,
Ninth Circuit.

---

Submitted Jan. 8, 2002.*

Decided June 4, 2002.

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Jerome Vassar pled guilty to bank fraud and fraudulent use of another person's identification on a Friday; his trial was set to begin the following Monday. He challenges his thirty-seven month sentence because he did not receive a one-level decrease in his offense level for timely notifying authorities of his intention to plead guilty. He also claims that the district court erred in counting a criminal history point for a prior state adult diversionary conviction.

We affirm.

### I. *Timeliness of guilty plea*

Vassar claims that because he pled guilty before trial, the district court should have given him an additional one-level reduction under U.S.S.G. § 3E1.1(b)(2), which provides for an additional one-level reduction if

the defendant has assisted authorities in the investigation or prosecution of his own misconduct by ... *timely* notifying

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

U.S.S.G. § 3E1.1(b)(2) (2000) (emphasis added). This court reviews for clear error a district court's decision to withhold the additional one-level adjustment. *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997).

■ The district court rejected Vassar's request for the additional reduction, because he had pled guilty on the Friday before the Monday of trial. The government had subpoenaed and interviewed all its witnesses, made travel arrangements for those who were out of state, immunized and interviewed the defendant's underage surrogate son whom Vassar had involved in the fraud, prepared all its trial exhibits, briefs, voir dire questions, and jury instructions, and had the court staff set up the courtroom with the visual aids it intended to use to present evidence.

Vassar's guilty plea on the eve of trial was not timely. *See United States v. Kimple*, 27 F.3d 1409, 1413 (9th Cir.1994) ("If the Government establishes that it prepared for trial in conjunction with responding to pretrial motions, denial of the reduction may be justified. . . . [A] defendant who pleads guilty on the eve of trial is not entitled to the [one-level] reduction. . . ."); *United States v. Hopper*, 27 F.3d 378, 384–85 (9th Cir.1994) (notification of plea must come early enough before trial to allow government to avoid substantial preparation). The district court did not clearly err in denying the additional one-level reduction under U.S.S.G. § 3E1.1(b)(2).

## II. *Criminal history points*

The district court added one criminal history point to Vassar's criminal history category, counting a 1992 deferred misde-meanor conviction after Vassar pled guilty in Washington state court for Attempted Violation of Uniform Controlled Substance Act, Wash. Rev.Code § 69.50.401. Vassar claims this was error, because his conviction was later dismissed under Washington law. We review de novo whether a prior conviction falls within the scope of the Guidelines. *United States v. Gross*, 897 F.2d 414, 417 (9th Cir.1990).

Guidelines § 4A1.1 details how many points should be added to a defendant's criminal history score for each prior conviction. Subsection (c) states "Add 1 point for each prior sentence not counted in (a) or (b)." Vassar does not dispute that his misdemeanor conviction falls under subsection (c).

He points out, however, that § 4A1.2(j) provides that "Sentences for expunged convictions are not counted. . . ." Vassar's conviction was dismissed in September 1992 under Wash. Rev.Code § 3.66.067, which then stated:

> After a conviction, the court may defer sentencing the defendant and place the defendant on probation and prescribe the conditions thereof, but in no case shall it extend for more than two years from the date of the conviction. During the time of the deferral, the court may, for good cause shown, permit a defendant to withdraw the plea of guilty and to enter a plea of not guilty, and the court may dismiss the charges.

The issue is whether Vassar's "dismissed" conviction under Washington law qualifies as an "expunged" conviction under Guidelines § 4A1.2(j).

■ In examining whether convictions set aside under state statutes are expunged for the purpose of calculating criminal history under the Guidelines, we have focused on the language of the state statute. *See United States v. Hayden*, 255 F.3d

768, 773–74 (9th Cir.2001) (conviction not expunged for Guidelines criminal history purpose if statute allows for use of dismissed convictions in subsequent prosecutions); *United States v. Hidalgo*, 932 F.2d 805, 807 (9th Cir.1991) (state statute providing that defendant would "thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed" expunged conviction; Supreme Court has equated "set aside" with "expunged," and state courts considered the statute to "expunge" a prior conviction); *see also United States v. Kammerdiener*, 945 F.2d 300, 301 (9th Cir.1991) ("a set aside is equivalent to an expungement for sentencing purposes" in the context of the Federal Youth Corrections Act).

Section 3.66.067 does not use the words "set aside." Instead, the statute provides that a defendant may "withdraw" his guilty plea and the conviction may be "dismissed," and does not explicitly state what effect a dismissed conviction would have on subsequent proceedings. The Washington Court of Appeals has stated that § 3.66.067 does not expunge a conviction:

> The State incorrectly asserts that a dismissal would result in the charge and conviction not being part of Mr. Gallaher's record. Nothing in RCW 3.66.067 implies that a conviction is automatically deleted or expunged from the criminal record after dismissal.

*State v. Gallaher*, 103 Wash.App. 842, 14 P.3d 875, 876 (Wash.Ct.App.2000). In Washington, "[t]o destroy means to obliterate a court file ... in such a way as to make it permanently irretreavable.... A motion to expunge is treated as a motion to destroy. Courts may destroy a record only if expressly permitted by statute." *State v. Noel*, 101 Wash.App. 623, 5 P.3d 747, 749 (Wash.Ct.App.2000) (internal quotation marks omitted). These state cases hold that RCWA § 3.66.067 does not expunge a conviction under Washington law; while the conviction is dismissed, it remains on the criminal record. The district judge properly counted the state conviction in calculating Vassar's criminal history category.

AFFIRMED.